# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 25, 2012

Lyle W. Cayce
Clerk

No. 11-50691
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE ALFONSO GONZALEZ-DOMINGUEZ; JOSE RAMON GARCIA-MORENO,

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:11-CR-18-1
USDC No. 4:11-CR-18-4

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Jorge Alfonso Gonzalez-Dominguez (Gonzalez) and Jose Ramon Garcia-Moreno (Garcia) appeal the sentences imposed for their convictions for aiding and abetting possession with intent to distribute 100 kilograms or more but less than 1,000 kilograms of marijuana. Gonzalez was sentenced to 70 months of imprisonment and five years of supervised release, and Garcia was sentenced to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

63 months of imprisonment and five years of supervised release. They both contend that the district court clearly erred by imposing the enhancement for obstruction of justice in U.S.S.G. § 3C1.1 on the grounds that they committed perjury by falsely testifying at their joint trial.

"In order to apply an enhancement [for obstruction of justice], the district court must find evidence supporting the enhancement to a preponderance of the evidence." *United States v. Anderson*, 560 F.3d 275, 283 (5th Cir. 2009). We review the district court's finding of obstruction of justice for clear error. *United States v. Powers*, 168 F.3d 741, 752 (5th Cir. 1999). "A factual finding is not clearly erroneous as long as it is plausible in the light of the record as a whole." *Id.* (internal quotation marks and citations omitted).

Section 3C1.1 of the Sentencing Guidelines provides for a two-level increase "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the . . . prosecution . . . of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction . . . ." § 3C1.1. The enhancement is warranted if the defendant "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993).

The district court found that both Gonzalez and Garcia falsely testified that there was a sixth person guiding them through the desert. These findings are plausible in light of the record as a whole. *See Powers*, 168 F.3d at 752. The agents apprehended five people, the same number of people that they observed during surveillance, and testified that they would have been able to detect a sixth person in the area with an infrared camera. Also, the agents observed one of the five persons appearing to act as a guide by signaling to the other four when to proceed and by scouting an area before proceeding. The agents did not observe the signals that the guide allegedly left for the defendants, such as

2

stacks of rocks.  In addition, one agent testified that it would not have been feasible for the guide to lead the defendants at night while staying ahead of the defendants given that the agents had trouble tracking the subjects even though they were using night-vision goggles and knew where the subjects went.

While it was possible that a sixth person escaped undetected, there was no evidence corroborating the defendants' testimony that a sixth person existed, and the agents' testimony indicated that it was unlikely that a sixth person existed and was able to guide the defendants in the manner described by the defendants.  Therefore, the mere possibility that the guide could have escaped undetected does not render the district court's findings implausible in light of the record as a whole.  This is especially true given that the district court presided over the trial and was, therefore, able to evaluate Gonzalez's and Garcia's credibility.  *See id.* at 752-53.

Gonzalez and Garcia also rely on the jury note to challenge the district court's findings.  The jury asked the district court whether they needed to deliberate on the other elements of the duress defense if they all agreed that there was insufficient evidence to support the second element.  The second element was whether the defendants had recklessly or negligently placed themselves in a situation in which it was probable that they would be forced to choose to commit criminal conduct.  The other elements of the duress defense were whether the defendants were threatened with harm, whether the defendants had no reasonable legal alternative to violating the law, and whether a reasonable person would have believed that he would avoid the harm by committing the criminal action.

Gonzalez and Garcia argue that the jury note indicates that the jury believed the defendants' testimony regarding the duress but nonetheless found that the testimony was insufficient to excuse criminal liability.  It is speculative to infer based on the note that some or all of the jurors believed the defendants' testimony.  Further, the mere possibility that the jurors believed the defendants'

testimony does not render the district court's findings implausible in light of the record as a whole.

Because the record as a whole supports the district court's findings that Gonzalez and Garcia committed perjury, the imposition of a two-level enhancement for obstruction of justice was not clearly erroneous. *See id.* at 752.

The district court's judgments are AFFIRMED.